Alfred J. Callahan, J.
Involved herein are three related motions submitted to the court at Special Term, Part I, on May 31,1974 under Calendar Numbers 135, 201 and 128 of said date. The following situation is presented.
On or about December 10, 1970 the City and State of New York, along with various segments of the building and construe *934 tion trades, voluntarily entered into an agreement called “ The New York Plan ”, which established an on-the-job training program for minority and disadvantaged groups. The City of New' York withdrew from the New York Plan on January 15, 1973 feeling that the plan was not effective. Thereafter it is alleged that respondent Morrison caused to be published, rules, regulations and orders requiring a bidder on a city contract to provide a specified minimum percentage of minority man-hours of work in each specified building and construction trade and further compelling the contractor to agree that these same percentages would apply to all of the contractor’s other work (Federal, State or private jobs) during the life of the particular city contract involved. It is claimed that such stringent rules require the contractors and unions to make drastic changes in apprenticeship programs which they have neither the right nor the power to do since such programs are governed by the Labor Law of the State of New York and the rules and regulations of the Department of Labor, State of New York, pursuant to the authority granted by the State Legislature. It is further alleged that such rules, regulations and orders are unconstitutional and illegal as the Deputy Mayor-City Administrator had only the power to promulgate rules which are administrative and not legislative in nature.
In Motion Number 135 petitioners commenced an article 78 proceeding seeking an order declaring the rules, regulations and orders of the respondent Morrison to be unconstitutional, illegal and invalid, and further to restrain respondents from implementing said rules, regulations and orders. Respondents in their answer set forth as an affirmative defense, the claim that the proceeding was barred by the four-month Statute of Limitations pursuant to CPLR 217.
Thereafter by Motion Number 201 petitioners moved for an order pursuant to CPLR 103 (subd. [c]) to treat the above-entitled action as an action for a declaratory judgment and the petition and amended petition as a motion for summary judgment pursuant to CPLR 3212.
Respondents in Motion Number 128 sought an order staying further prosecution of this action on the ground that related actions now pending in the Federal District Court for the Southern District of New York warrant a deferral of the State court decision, in that the parties are in the process of negotiating an agreement on an acceptable home-town plan,, and if such an agreement is reached, it will be implemented in lieu of both the New York Plan and of the challenged rules and regulations, *935 thereby making it unnecessary for a decision to be rendered in the instant proceeding.
The motion for an order directing this action to be treated as an action for a declaratory judgment is granted as a careful examination of the pleadings discloses that this action attacks the constitutionality and validity of the rules and regulations promulgated by an administrative body rather than seeking to review a final determination made by that administrative body. Under these circumstances the appropriate remedy is an action for a declaratory judgment (Lutheran Church in Amer. v. City of New York, 27 A D 2d 237), and the defense that the action is barred by the four-month Statute of Limitations is not applicable. CPLR 103 (subd. [c]) provides that if the court has obtained jurisdiction over the parties, a civil proceeding shall not be dismissed solely because it is not brought in the proper form but the court shall make whatever order is required for its proper prosecution.
Respondents contend that the Building and Construction Trades Council of Greater New York (Council), the Building Trades Employers’ Association (BTEA) and the General Contractors Association (GCA) lack standing to sue since the regulations in question only apply to contractors who bid for city construction projects and none of these organizations submitted bids. Even if this contention were valid it would not affect the final determination of these motions as no attack is made upon the standing of the other named petitioners to bring and maintain this action, and certainly the remaining petitioners are persons who have standing to bring this action. Furthermore, in cases such as this involving the public interest, a proceeding directed against public officials may be instituted without a showing that the petitioner is an aggrieved party. Recent decisions have taken the position that a petitioner has sufficient standing to sue if the issue is of general public interest.
Petitioners contend, and it is undisputed by respondents, that the regulations not only apply to contracts made with the .City of New York, .but rather pertain to all the work done by the contractors in the City of New York regardless of whether it is Federal, State or private. Section 2a.l and ,2a.2(a) of the rules, regulations and orders of the Deputy Mayor-City Administrator pursuant to Executive Order No. 71 (April 2, 1968) apply to all of the contractors’ construction projects within New York City.
Reading the rules and regulations as a whole, it is the opinion of this court, that the disputed rules and regulations go beyond *936 the ¡bounds of merely setting up requirements for the making of bids on city contracts and are clearly beyond the scope of the authority vested in the City Administrator. Such regulations are legislative in nature rather than administrative, and therefore the promulgation of such regulations is unconstitutional
In Motion Number 128 respondents have failed to show to this court’s satisfaction the need for staying the determination of the instant motions pending a possible settlement of two actions now pending in the Federal court. Accordingly the motion for a stay pending these settlements is denied.
The petition and.amended petition shall be considered as a motion for summary judgment declaring the rules, regulations and orders of the Deputy Mayor-City Administrator pursuant to Executive Order No. 71 (April 2, 1968) to be unconstitutional and illegal and as such is granted. The related motions are disposed of as above indicated.